IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN FORD,                                06-CV-1455-BR

       Plaintiff,                      OPINION AND ORDER

v.

MICHAEL WASHINGTON, Chair of
the Oregon Board of Parole
and Post-Prison Supervision;
KEVIN DOOHAN, Parole Officer
for Washington County
Community Corrections; and
BOB SEVERE, official of
Washington County Community
Corrections,

       Defendant.


BRIAN FORD
10620 S.W. Davies Road, #9
Beaverton, OR  97008-8003
(503) 750-5378

       Plaintiff, *Pro Se*


1 - OPINION AND ORDER

**HARDY MYERS**
Attorney General
**LEONARD W. WILLIAMSON**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700

      Attorneys for Defendant


**BROWN, Judge.**

     This matter comes before the Court on Defendants' Motion to Dismiss (#7).  For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion.


<u>BACKGROUND</u>

     The following facts are taken from Plaintiff Brian Ford's Amended Complaint:

     Plaintiff was indicted for crimes[1] that occurred between October 1, 1985, and June 30, 1987.  Plaintiff was released on parole on December 10, 2001.

     On October 16, 2006, Plaintiff filed a Complaint in this Court alleging Defendants Michael Washington, Kevin Doohan, and John Doe (1) violated Plaintiff's right to due process when they designated him as a predatory sex offender, (2) violated Plaintiff's right to due process when they attempted to coerce

---

    [1] The record does not reflect the crimes of conviction, Plaintiff's sentence, or the term of Plaintiff's parole.

2 - OPINION AND ORDER

him to submit to polygraph testing because he had been designated as a predatory sex offender, (3) continue to deprive him of his liberty by still requiring Plaintiff to comply with the special conditions of his parole even though they placed him on "inactive supervision," and (4) unlawfully restricted and continue to restrict his liberty in violation of his right to due process by "willfully and intentionally attempting to exceed the authority granted them to restrict plaintiff's liberty by requiring plaintiff to follow various general and special conditions of parole."

On October 17, 2006, Plaintiff filed an Amended Complaint in which he asserted the same claims, but substituted Bob Severe for John Doe.

On February 22, 2007, Defendants filed a Motion to Dismiss on the grounds that (1) Plaintiff's First Claim is barred by the applicable statute of limitations and (2) all of Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## STANDARDS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)(quoting *Hishon v.*

3 - OPINION AND ORDER

*King & Spalding*, 467 U.S. 69, 73 (1984)).  A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party.  *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998).

When a plaintiff appears *pro se*, the court "must construe liberally [the plaintiff's] inartful pleading."  *Ortez v. Wash. County,* 88 F.3d 804, 807 (9th Cir. 1996).  A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Before dismissing a *pro se* litigant's complaint, the "*pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint cannot be cured by amendment.'"  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)(quoting *Broughton v. Cutter Lab.,* 622 F.2d 458, 460 (9th Cir. 1980)(*per curiam*)).  If a *pro se* litigant is given leave to amend the complaint, the court must set out the complaint's deficiencies to assist the litigant in avoiding repetition of his or her errors.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988).

## DISCUSSION

Defendants contend Plaintiff's First Claim is barred by the applicable statute of limitations and all of Plaintiff's claims are barred by *Heck*.

## I.   Plaintiff's First Claim

In his First Claim under § 1983, Plaintiff alleges Defendants violated his right to due process when they implemented the Parole Board's rules and designated Plaintiff as a predatory sex offender.

The statute of limitations for § 1983 actions is determined by state law. *Harding v. Galceran*, 889 F.2d 906, 907 (9th Cir. 1989), *cert. denied*, 498 U.S. 1082 (1991). Section 1983 actions are characterized as personal-injury actions for statute-of-limitations purposes. *Id.* In Oregon, this period is two years from the date of injury. Or. Rev. Stat. § 12.110(1). *See also Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989).

Plaintiff was designated as a predatory sex offender by the Oregon Parole Board on December 10, 2001. Plaintiff alleges in his Amended Complaint that he was required to sign a notice of rights regarding the Board's designation on December 10, 2001, but he was not given a hearing on the issue. Plaintiff also alleges he was required to sign another notice of rights regarding his designation as a predatory sex offender in April 2002 without a hearing. Plaintiff, therefore, was aware of his

5 - OPINION AND ORDER

designation as a predatory sex offender and the Board's adherence
to that decision no later than April 2002.  The limitations
period accrued and began to run on December 10, 2001, the date on
which the Parole Board advised Plaintiff of its decision to
designate him as a predatory sex offender.  *See Noble v. Bd. of
Parole and Post-Prison Supervision*, 327 Or. 485, 491 (1998).
Plaintiff, however, did not file his Complaint in this matter
until October 16, 2006, which is well beyond the two-year period
for filing a claim under § 1983 challenging his designation as a
predatory sex offender.  *See Plumeau v. Sch. Dist. #40 County of
Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

 Accordingly, the Court concludes Plaintiff's First Claim is
barred by the relevant statute of limitations and grants
Defendants' Motion to Dismiss Plaintiff's First Claim.

## II.  Plaintiff's Second Claim

 In his Second Claim, Plaintiff contends Defendants' efforts
to "coerce" Plaintiff to submit to polygraph tests violate
Plaintiff's right to due process because Defendants unlawfully
designated him as a predatory sex offender.  Defendants contend
Plaintiff is, in effect, challenging his designation as a sex
offender as well as the related conditions of his parole,
including submission to polygraph tests.

 According to Defendants, the conditions of parole imposed on
Plaintiff are, in fact, part of his sentence within the meaning

6 - OPINION AND ORDER

of *Heck,* and, therefore, Plaintiff's challenge is barred by *Heck.*
In *Heck*, the Supreme Court held "habeas corpus is the exclusive
remedy for a state prisoner who challenges the fact or duration
of his confinement and seeks immediate or speedier release, even
though such a claim may come within the literal terms of § 1983."
512 U.S. at 481.   Thus, a plaintiff cannot maintain a § 1983
action to recover damages for "harm caused by actions whose
unlawfulness would render [his] conviction or sentence invalid"
when his sentence and conviction have not previously been
reversed, expunged, declared invalid, or called into question
upon issuance of a writ of habeas corpus by a federal court.   *Id*.
at 486-87.   The Supreme Court has also extended this holding to
civil-rights actions in which the plaintiffs seek declaratory or
injunctive relief as well as damages.   *Edwards v. Balisok*, 520
U.S. 641, 648 (1997).

Neither the Supreme Court nor the Ninth Circuit has
specifically addressed whether a parolee's challenge to the
conditions of his parole fits within the core of habeas corpus.
Courts that have addressed the issue generally distinguish
between situations where (1) the parolee challenges the
conditions of his parole in the context of his parole being
revoked for violation of those conditions and (2) the parolee
preemptively challenges the conditions of his parole even though
his parole has not been revoked.   Courts have found challenges to

7 - OPINION AND ORDER

parole conditions in the context of revocation for a violation of those conditions are, in effect, challenges of the validity of the parole-revocation decision or the plaintiff's continued imprisonment.  Under *Heck*, therefore, the revocation decision must be found invalid in separate proceedings before a parolee can properly bring a § 1983 action.  *See, e.g., White v. Gittens*, 121 F.3d 803, 807 (1st Cir. 1997); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996); *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *Zupan v. Brown*, 5 F. Supp. 2d 792, 795 (N.D. Cal. 1998).

In cases in which there has not been a parole revocation, however, courts have been less consistent.  For example, in *Moreno v. California*, the parolee preemptively challenged three conditions of his parole.  25 F. Supp. 2d 1060, 1061 (N.D. Cal. 1998).  The court analyzed whether the conditions were part of the parolee's sentence within the meaning of *Heck* and concluded "it is logical that parole conditions be considered part of the sentence" because violations of the conditions of parole could result in further incarceration.  *Id.* at 1063.  The court, therefore, held a challenge to parole conditions "is not cognizable under § 1983 unless and until Plaintiffs demonstrate that the conditions have been invalidated."  *Id.*

Similarly, in *Drollinger v. Milligan*, the Seventh Circuit considered whether a probationer seeking injunctive relief

8 - OPINION AND ORDER

relating to certain probation conditions stated a claim under
§ 1983.  552 F.2d 1220, 1222-23 (7ᵗʰ Cir. 1977).  The probationer
sought declaratory relief that some of her probation conditions
were unconstitutional and requested an injunction against
enforcement of those conditions.  *Id.* at 1222-23.  The court
rejected the probationer's assertion that she could bring a
§ 1983 claim for this purpose because she sought to challenge the
conditions of her probation rather than the duration of her
probation:

> Because probation is by its nature less confining
> than incarceration, the distinction between the
> fact of confinement and the conditions thereof is
> necessarily blurred.  The elimination or
> substitution, for example, of one of the
> conditions of . . . probation would free [the
> probationer] substantially from her confinement;
> figuratively speaking, one of the "bars" would be
> removed from her cell.  The release from such
> custody, even if only partial, is the traditional
> function of the writ of habeas corpus.

*Id.* at 1225 (citation omitted).  The court further reasoned
probation conditions are part of a probationer's sentence, and
the probationer, therefore, was actually "seeking release from at
least part of [her] sentence" by attacking the conditions.  *Id.*
Thus, the consideration of parole conditions as part of the
parolee's sentence for purposes of *Heck* analysis is a fundamental
premise in both *Moreno* and *Drollinger*.

In *Yahweh v. United States Parole Commission*, however, the
court concluded habeas corpus was not the exclusive remedy when

the parolee preemptively challenges the conditions of his parole.
158 F. Supp. 2d 1332, 1337 (S.D. Fla. 2001).  In *Yahweh*, the
plaintiff, a soon-to-be-paroled prisoner, brought an action
challenging his parole conditions.  The court reasoned prison
conditions and parole conditions were intrinsically similar.
Because inmates may challenge prison conditions through means
other than habeas corpus, the same must be true for challenges to
parole conditions.  *Id.* at 1339.   The court distinguished the
Seventh Circuit's concern in *Drollinger* as follows:

> [S]tringent parole conditions are not, in essence,
> the figurative "bars" that confine the parolee.
> Rather, it is the underlying conviction and
> sentence that confine the parolee, that make him a
> ward of the state rather than a free man.  The
> parolee's ultimate transition to freedom is
> defined by the expiration of his sentence, not by
> the removal of a parole condition.

*Id.* at 1339.

Although none of these cases is binding on this Court, the
Court finds the reasoning of the *Yahweh* court persuasive
especially in light of the Supreme Court's opinion in *Wilkinson
v. Dotson* in which the Court casts doubt on the underlying
premise of the decisions in *Moreno* and *Drollinger*.  544 U.S. 74
(2005).  In *Wilkinson*, prisoners brought claims under § 1983
challenging the procedures employed when they were denied parole.
The State asserted the § 1983 challenges were improper because
"parole proceedings are part of the prisoners' 'sentences' –
indeed, an aspect of the 'sentences' that the § 1983 claims, if

10 – OPINION AND ORDER

successful, w[ould] invalidate." *Id*. at 83.  The Court rejected
this argument:  "*Heck* uses the word 'sentence' to refer not to
prison procedures, but to substantive determinations as to the
length of confinement." *Id*. (citing *Muhammad v. Close*, 540 U.S.
749, 751 n.1 (2004)).  The Court also noted it has "repeatedly
permitted prisoners to bring § 1983 actions challenging the
conditions of their confinement- conditions that, were [the
State] right, might be considered part of the 'sentence.'"  *Id*.

     Applying the Supreme Court's reasoning and adopting the
analysis in *Yahweh,* this Court concludes parole conditions are
not part of Plaintiff's sentence.  Accordingly, Plaintiff may
bring a challenge under § 1983 as to the parole condition of
taking polygraph tests.

     Although the Court also concludes Plaintiff's claim that he
was unlawfully designated as a predatory sex offender could have
been brought under § 1983 because Plaintiff's designation was
only a "collateral consequence" of his sentence, the Court
already has found Plaintiff cannot bring such a claim because he
did not do so within the limitations period.  Moreover, Plaintiff
cannot use a challenge to the legality of requiring him to comply
with the parole condition of taking polygraph tests as a means to
collaterally attack the validity of his designation as a
predatory sex offender.  In any event, the Parole Board, a body
whose authority is "separate and distinct from that of the

sentencing judge," has the sole discretion to designate Plaintiff as a predatory sex offender. *V.L.Y. v. Bd. of Parole & Post-Prison Supervision*, 338 Or. 44, 45 (2005).  The Parole Board's designation, therefore, is separate and distinct from the sentence itself.

Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's Second Claim to the extent Plaintiff seeks to challenge his designation as a predatory sex offender.  The Court, however, denies Defendants' Motion to Dismiss Plaintiff's Second Claim to the extent that Plaintiff seeks to challenge under § 1983 polygraph testing generally as a condition of his parole.

### III. Plaintiff's Third and Fourth Claims

In his Third Claim, Plaintiff alleges Defendants are denying him a liberty interest by requiring him "to continue to follow the special conditions of parole" even though he is currently on "inactive parole status."  In his Fourth Claim, Plaintiff contends Defendants are violating his right to liberty under the Due Process Clause by "willfully and intentionally attempting to exceed the authority granted them . . . by requiring plaintiff to follow various general and special conditions of parole." Defendants, however, contend *Heck* bars Plaintiff from bringing these claims under § 1983.

In his Third and Fourth Claims, Plaintiff challenges

12 - OPINION AND ORDER

Defendants' enforcement of the conditions of his parole.  For the reasons noted, Plaintiff's claims are not barred by *Heck* to the extent that Plaintiff seeks to challenge the enforcement of special parole conditions.  As also noted, however, Plaintiff's claims are barred by the statute of limitations to the extent Plaintiff seeks to challenge his designation as a predatory sex offender.

Accordingly, the Court denies Defendant's Motion to Dismiss insofar as Plaintiff seeks to challenge enforcement of the special conditions of his parole in his Third and Fourth Claims and grants Defendants' Motion to Dismiss insofar as Plaintiff seeks to challenge his designation as a predatory sex offender.

## CONCLUSION

For these reasons, the Court:

1.  **GRANTS** Defendants' Motion to Dismiss (#7) as to Plaintiff's First Claim,

2.  **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss as to Plaintiff's Second Claim,

3.  **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss as to Plaintiff's Third Claim, and

4.  **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss as to Plaintiff's Fourth Claim.

Because Plaintiff is proceeding *pro se*, the Court, grants

Plaintiff leave to amend his Complaint consistent with this

Opinion and Order no later than June 15, 2007.

     IT IS SO ORDERED.

     DATED this 1st day of June, 2007.


                         /s/ Anna J. Brown

                         _____

                         ANNA J. BROWN
                         United States District Judge