IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN FORD, 06-CV-1455-BR

        Plaintiff, OPINION AND ORDER

v.

MICHAEL WASHINGTON, Chair of
the Oregon Board of Parole
and Post-Prison Supervision;
KEVIN DOOHAN, Parole Officer
for Washington County
Community Corrections; and
BOB SEVERE, official of
Washington County Community
Corrections,

        Defendant.

**BRIAN FORD**
10620 S.W. Davies Road, #9
Beaverton, OR  97008-8003
(503) 750-5378

        Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**HARDY MYERS**
Attorney General
**LEONARD W. WILLIAMSON**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700

       Attorneys for Defendant Michael Washington

**DAN R. OLSEN**
Washington County Counsel
**WILLIAM G. BLAIR**
Senior Assistant County Counsel
155 N. First Avenue, Suite 340 - MS 34
Hillsboro, OR 97124-3072
(503) 846-8747

       Attorneys for Defendants Kevin Doohan and Bob Severe

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion for Final Judgment (#21) under Rule 54(b) and to Hold Case in Abeyance Pending Appeal. For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND

Plaintiff Brian Ford was indicted for crimes[1] that occurred between October 1, 1985, and June 30, 1987. Plaintiff was released on parole on December 10, 2001.

On October 16, 2006, Plaintiff filed a Complaint in this

---

[1] The record does not reflect the crimes of conviction, Plaintiff's sentence, or the term of Plaintiff's parole.

2 - OPINION AND ORDER

Court pursuant to 42 U.S.C. § 1983 alleging Defendants Michael Washington, Kevin Doohan, and John Doe (1) violated Plaintiff's right to due process when they designated him as a predatory sex offender, (2) violated Plaintiff's right to due process when they attempted to coerce him to submit to polygraph testing because he had been designated as a predatory sex offender, (3) continue to deprive Plaintiff of his liberty by requiring him to comply with the special conditions of his parole even though Defendants placed him on "inactive supervision," and (4) unlawfully restricted and continue to violate his right to due process by "willfully and intentionally attempting to exceed the authority granted them to restrict plaintiff's liberty by requiring plaintiff to follow various general and special conditions of parole."

On October 17, 2006, Plaintiff filed an Amended Complaint in which he asserted the same claims, but substituted Bob Severe for John Doe.

On February 22, 2007, Defendants filed a Motion to Dismiss on the grounds that (1) Plaintiff's First Claim is barred by the applicable statute of limitations and (2) all of Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

On June 1, 2007, the Court issued an Opinion and Order in which it granted Defendants' Motion to Dismiss Plaintiff's First Claim; granted in part and denied in part Defendants' Motion to

3 - OPINION AND ORDER

Dismiss Plaintiffs Second, Third, and Fourth Claims; and gave Plaintiff leave to file a Second Amended Complaint consistent with the Court's Opinion and Order.

On June 15, 2007, Plaintiff filed a Second Amended Complaint in which he retitled his First Claim as "Defendant Washington's intentional and capricious refusal to modify the Board's order unlawfully designating plaintiff as a predatory sex offender in light of an Oregon Supreme Court decision on the matter in violation of the Due Process Clause of the United States Constitution."

On June 18, 2007, Defendant Washington filed a Motion for Reconsideration only as to the Court's decision to deny in part Defendants' Motion to Dismiss Plaintiff's Second Claim.

On July 13, 2007, Defendants filed a Motion to Strike Plaintiff's First Claim on the ground that it is barred by the applicable statute of limitations.

On September 25, 2007, the Court issued an Opinion and Order construing Defendants' Motion to Strike Plaintiff's First Claim as a Motion to Dismiss, granting Defendants' Motion to Dismiss Plaintiff's First Claim against Defendant Washington, dismissing Plaintiff's First Claim with prejudice, granting Defendants' Motion for Reconsideration as to Plaintiff's Second Claim, and denying Defendants' request for the Court to alter or to amend its decision with respect to Plaintiff's Second Claim. As a

4 - OPINION AND ORDER

result, only Plaintiff's claims against Defendants Kevin Doohan and Bob Severe remain in this action.

On October 15, 2007, Plaintiff filed a Motion for Final Judgment under Rule 54(b) and to Hold Case in Abeyance Pending Appeal.  Defendants do not object to Plaintiff's requests.

## STANDARDS

Federal Rule of Civil Procedure 54(b) provides:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Pursuant to Rule 54(b), when the court has entered a final judgment as to a particular claim, the court may sever this partial judgment from the remaining claims and, therefore, make that judgment immediately appealable if the court finds there is "no just reason for delay."  *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).  Because severance under Rule 54(b) is consistent with 28 U.S.C. § 1291 and only a final judgment may be severed, the district court has wide discretion to determine whether any just reasons for delay exist.  The "issuance of a Rule 54(b) order is a fairly routine act that is reversed only in the rarest of instances."  *James*, 283 F.3d at 1068 n.6 (the appellate court affords "great deference to the

5 - OPINION AND ORDER

district court's determination of finality."). *See also In re First T.D. & Inv., Inc.*, 253 F.3d 520, 531 (9th Cir. 2001). When exercising its discretion to determine whether any just reasons for delay exist, the court may consider the following factors:

> [W]hether the claims under review were separable from the others . . . and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1137-38 (9th Cir. 2006)(quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)), superseded on other grounds by *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006). Nevertheless, the possibility of piecemeal appeals "does not necessarily mean that a Rule 54(b) certification would be improper." *Curtiss-Wright Corp.*, 446 U.S. at 8.

## DISCUSSION

Plaintiff contends the Court should enter a final judgment under Rule 54(b) with respect to Plaintiff's First Claim because dismissing that claim completely disposes of Plaintiff's claims against Defendant Michael Washington. The remaining claims in this action, however, are not entirely separable from Plaintiff's First Claim. As Plaintiff notes in his Motion, he alleges in his

Second Amended Complaint that Doohan and Severe used Washington's allegedly improper designation of Plaintiff as a sex offender to restrict Plaintiff's liberty under special conditions of parole that violate his rights.  The Court cannot conclude under these circumstances that "the nature of the claim[] already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."

Accordingly, in the exercise of its discretion, the Court declines to enter a final judgment as to Plaintiff's First Claim and, therefore, also declines to hold this case in abeyance.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion for Final Judgment (#21) under Rule 54(b) and to Hold Case in Abeyance Pending Appeal.

IT IS SO ORDERED.

DATED this 3rd day of January, 2008.

/s/ Anna J. Brown
ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER