IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN FORD,                          06-CV-1455-BR

        Plaintiff,                  OPINION AND ORDER

v.

MICHAEL WASHINGTON, Chair of
the Oregon Board of Parole
and Post-Prison Supervision;
KEVIN DOOHAN, Parole Officer
for Washington County
Community Corrections; and
BOB SEVERE, official of
Washington County Community
Corrections,

        Defendant.


**BRIAN FORD**
10620 S.W. Davies Road, #9
Beaverton, OR  97008-8003
(503) 750-5378

        Plaintiff, *Pro Se*


1 - OPINION AND ORDER

**HARDY MYERS**
Attorney General
**LEONARD W. WILLIAMSON**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700

       Attorneys for Defendant Michael Washington

**DAN R. OLSEN**
Washington County Counsel
**WILLIAM G. BLAIR**
Senior Assistant County Counsel
155 N. First Avenue, Suite 340 - MS 34
Hillsboro, OR 97124-3072
(503) 846-8747

       Attorneys for Defendants Kevin Doohan and Bob Severe

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction (#30) and Plaintiff's Motion for Temporary Restraining Order (#33). For the reasons that follow, the Court **DENIES as moot** Plaintiff's Motions.

## BACKGROUND

Plaintiff Brian Ford was indicted for crimes[1] that occurred between October 1, 1985, and June 30, 1987. Plaintiff was released on parole on December 10, 2001.

On October 16, 2006, Plaintiff filed a Complaint in this

---

[1] The record does not reflect the crimes of conviction, Plaintiff's sentence, or the term of Plaintiff's parole.

2 - OPINION AND ORDER

Court pursuant to 42 U.S.C. § 1983 alleging Defendants Michael Washington, Kevin Doohan, and John Doe (1) violated Plaintiff's right to due process when they designated him as a predatory sex offender, (2) violated Plaintiff's right to due process when they attempted to coerce him to submit to polygraph testing because he had been designated as a predatory sex offender, (3) continue to deprive Plaintiff of his liberty by requiring him to comply with the special conditions of his parole even though Defendants placed him on "inactive supervision," and (4) unlawfully restricted and continue to violate his right to due process by "willfully and intentionally attempting to exceed the authority granted them to restrict plaintiff's liberty by requiring plaintiff to follow various general and special conditions of parole."

On October 17, 2006, Plaintiff filed an Amended Complaint in which he asserted the same claims, but substituted Bob Severe for John Doe.

On February 22, 2007, Defendants filed a Motion to Dismiss on the grounds that (1) Plaintiff's First Claim is barred by the applicable statute of limitations and (2) all of Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

On June 1, 2007, the Court issued an Opinion and Order in which it granted Defendants' Motion to Dismiss Plaintiff's First Claim; granted in part and denied in part Defendants' Motion to

3 - OPINION AND ORDER

Dismiss Plaintiffs Second, Third, and Fourth Claims; and gave Plaintiff leave to file a Second Amended Complaint consistent with the Court's Opinion and Order.

On June 15, 2007, Plaintiff filed a Second Amended Complaint in which he retitled his First Claim as "Defendant Washington's intentional and capricious refusal to modify the Board's order unlawfully designating plaintiff as a predatory sex offender in light of an Oregon Supreme Court decision on the matter in violation of the Due Process Clause of the United States Constitution."

On June 18, 2007, Defendant Washington filed a Motion for Reconsideration only as to the Court's decision to deny in part Defendants' Motion to Dismiss Plaintiff's Second Claim.

On July 13, 2007, Defendants filed a Motion to Strike Plaintiff's First Claim on the ground that it is barred by the applicable statute of limitations.

On September 25, 2007, the Court issued an Opinion and Order construing Defendants' Motion to Strike Plaintiff's First Claim as a Motion to Dismiss, granting Defendants' Motion to Dismiss Plaintiff's First Claim against Defendant Washington, dismissing Plaintiff's First Claim with prejudice, granting Defendants' Motion for Reconsideration as to Plaintiff's Second Claim, and denying Defendants' request for the Court to alter or to amend its decision with respect to Plaintiff's Second Claim.  As a

result, only Plaintiff's claims against Defendants Kevin Doohan and Bob Severe remain in this action.

On December 13, 2007, Plaintiff filed a Motion for Preliminary Injunction in which he seeks an order directing Defendants not to enforce any special conditions as to Plaintiff's parole during the pendency of these proceedings, including the requirement to submit to polygraph testing.  On December 21, 2007, Plaintiff filed a Motion for Temporary Restraining Order seeking the same relief.

## DISCUSSION

As noted, in his Motion for Preliminary Injunction and Motion for Temporary Restraining Order, Plaintiff seeks an order directing Defendants not to enforce any special conditions as to Plaintiff's parole during the pendency of this matter, including the requirement to submit to polygraph testing.  In their Response to Plaintiff's Motions, Defendants assert Plaintiff is no longer required to submit to any active special conditions of supervision while on parole.  Defendants also note the Oregon Board of Parole and Post-Prison Supervision already specifically deleted, among other things, the condition requiring random polygraph testing.  Defendants assert they do not and will not require Plaintiff to submit to random polygraph testing without further order of the Parole Board.

5 - OPINION AND ORDER

Accordingly, the Court denies Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction as moot.

## CONCLUSION

For these reasons, the Court **DENIES as moot** Plaintiff's Motion for Preliminary Injunction (#30) and Plaintiff's Motion for Temporary Restraining Order (#33).

IT IS SO ORDERED.

DATED this 17th day of January, 2008.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge