IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BRIAN FORD, | 06-CV-1455-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MICHAEL WASHINGTON, Chair of the Oregon Board of Parole and Post-Prison Supervision; KEVIN DOOHAN, Parole Officer for Washington County Community Corrections; and BOB SEVERE, official of Washington County Community Corrections, | |
| Defendant. | |

BRIAN FORD
10620 S.W. Davies Road, #9
Beaverton, OR  97008-8003
(503) 750-5378

       Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**HARDY MYERS**
Attorney General
**LEONARD W. WILLIAMSON**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700

       Attorneys for Defendant Michael Washington

**DAN R. OLSEN**
Washington County Counsel
**WILLIAM G. BLAIR**
Senior Assistant County Counsel
155 N. First Avenue, Suite 340 - MS 34
Hillsboro, OR 97124-3072
(503) 846-8747

       Attorneys for Defendants Kevin Doohan and Bob Severe


**BROWN, Judge.**

    This matter comes before the Court on Plaintiff's Motion for Leave to Amend the Complaint (#49). For the reasons that follow, the Court **DENIES** Plaintiff's Motion.


## BACKGROUND

    Plaintiff Brian Ford was indicted for crimes[1] that occurred between October 1, 1985, and June 30, 1987. Plaintiff was released on parole on December 10, 2001.

    On October 16, 2006, Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 alleging Defendants Michael

---

    [1] The record does not reflect the crimes of conviction, Plaintiff's sentence, or the term of Plaintiff's parole.

2 - OPINION AND ORDER

Washington, Kevin Doohan, and John Doe (1) violated Plaintiff's right to due process when they designated him as a predatory sex offender, (2) violated Plaintiff's right to due process when they attempted to coerce him to submit to polygraph testing because he had been designated as a predatory sex offender, (3) continue to deprive Plaintiff of his liberty by requiring him to comply with the special conditions of his parole even though Defendants placed him on "inactive supervision," and (4) unlawfully restricted and continue to violate his right to due process by "willfully and intentionally attempting to exceed the authority granted them to restrict plaintiff's liberty by requiring plaintiff to follow various general and special conditions of parole."

On October 17, 2006, Plaintiff filed an Amended Complaint in which he asserted the same claims, but substituted Bob Severe for John Doe. On February 22, 2007, Defendants filed a Motion to Dismiss on the grounds that (1) Plaintiff's First Claim is barred by the applicable statute of limitations and (2) all of Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

On June 1, 2007, the Court issued an Opinion and Order in which it granted Defendants' Motion to Dismiss Plaintiff's First Claim; granted in part and denied in part Defendants' Motion to Dismiss Plaintiffs Second, Third, and Fourth Claims; and gave

3 - OPINION AND ORDER

Plaintiff leave to file a Second Amended Complaint consistent with the Court's Opinion and Order.

On June 15, 2007, Plaintiff filed a Second Amended Complaint in which he retitled his First Claim as "Defendant Washington's intentional and capricious refusal to modify the Board's order unlawfully designating plaintiff as a predatory sex offender in light of an Oregon Supreme Court decision on the matter in violation of the Due Process Clause of the United States Constitution."

On June 18, 2007, Defendant Washington filed a Motion for Reconsideration only as to the Court's decision to deny in part Defendants' Motion to Dismiss Plaintiff's Second Claim.  On July 13, 2007, Defendants filed a Motion to Strike Plaintiff's First Claim on the ground that it is barred by the applicable statute of limitations.

On September 25, 2007, the Court issued an Opinion and Order construing Defendants' Motion to Strike Plaintiff's First Claim as a Motion to Dismiss, granting Defendants' Motion to Dismiss Plaintiff's First Claim against Defendant Washington, dismissing Plaintiff's First Claim with prejudice, granting Defendants' Motion for Reconsideration as to Plaintiff's Second Claim, and denying Defendants' request for the Court to alter or to amend its decision with respect to Plaintiff's Second Claim.  The Court did not permit Plaintiff to amend his Complaint a third time.  As

4 - OPINION AND ORDER

a result, only Plaintiff's claims against Defendants Kevin Doohan and Bob Severe, parole officers, remain in this action.

On December 13, 2007, Plaintiff filed a Motion for Preliminary Injunction in which he sought an order enjoining Defendants from enforcing any special conditions as to Plaintiff's parole during the pendency of these proceedings, including the requirement to submit to polygraph testing.  On December 21, 2007, Plaintiff filed a Motion for Temporary Restraining Order seeking the same relief.

On January 17, 2008, the Court issued an Opinion and Order denying as moot Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order based on Defendants' statements that Plaintiff is no longer required to submit to any active special conditions of supervision while on parole, the fact that the Oregon Board of Parole had already deleted the condition requiring Plaintiff to undergo random polygraph testing, and in light of Defendants' assurance that they did not and would not require Plaintiff to submit to random polygraph testing without further order of the Parole Board.

On June 4, 2008, the parties attended a settlement conference and the matter was reported settled.  On July 17, 2008, the Court issued an Order of Dismissal pursuant to Local Rule 41.1 based on the parties' representation that the matter was settled.

5 - OPINION AND ORDER

On July 17, 2008, the Court issued an Order vacating the Order of Dismissal and directing the parties to submit a form of Judgment.  Instead, on September 8, 2008, Plaintiff filed a Motion for Leave to Amend the Complaint in which he seeks leave to file a Third Amended Complaint in which he again names Washington, Doohan, and Severe as Defendants, but Plaintiff, nevertheless, asserts in ¶ 7 of the Motion that he "is not pursuing claims against defendant Washington in this complaint."

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides after a defendant has filed responsive pleadings, "a party may amend its [complaint] only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Defendants oppose Plaintiff's request to file a Third Amended Complaint on the grounds that (1) it is virtually identical to his Second Amended Complaint, including the portions dismissed by the Court in prior Opinions; (2) Plaintiff unduly delayed filing the Motion; and (3) Plaintiff has not complied with the Local Rules in filing his Motion.

The Court agrees the first claim in Plaintiff's proposed Third Amended Complaint is virtually identical to Claim One in Plaintiff's First and Second Amended Complaints, which the Court already dismissed in its June 1, 2007, and September 25, 2007,

6 - OPINION AND ORDER

Opinions.  The Court, therefore, denies Plaintiff's Motion for Leave to Amend the Complaint as to Claim One.

Claim Two in Plaintiff's proposed Third Amended Complaint is almost identical to Claim Two in Plaintiff's Second Amended Complaint.  Plaintiff has only added facts relating to Defendants' deletion of certain parole conditions, but his underlying legal claim remains the same.  Moreover, Plaintiff does not provide new evidence or facts that could affect the outcome of this action.  The Court concludes, therefore, it would be futile to allow Plaintiff to file his proposed Third Amended Complaint.  In addition, the Court notes it already has provided Plaintiff with ample opportunity to amend his complaints and to litigate the matters contained in his First and Second Amended Complaints.  Accordingly, the Court denies Plaintiff's Motion for Leave to Amend the Complaint as to Claim Two.

Finally, as noted, the only possible claims surviving the Court's previous orders are claims against Washington County Defendants Doohan and Severe.  because Plaintiff himself asserts he does not intend to pursue any claims against these parties, the Court concludes there are not any remaining justiciable controversies in this matter.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion for

7 - OPINION AND ORDER

Leave to Amend the Complaint (#49).  The Court **DIRECTS** the parties to submit a form of judgment by January 7, 2008.  If the parties fail to do so, the Court will dismiss the matter with prejudice on its own motion.

    IT IS SO ORDERED.

    DATED this 10th day of December, 2008.

                                                   /s/ Anna J. Brown
                                                   ANNA J. BROWN
                                                   United States District Judge